IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kimberly McCauley, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 4:14-cv-4236-TLW |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, Kimberly McCauley ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income (SSI) (ECF No. 10-2). This matter is before the Court for review of the Report and Recommendation ("the Report") filed on January 28, 2016 by United States Magistrate Judge Thomas E. Rogers, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. (ECF No. 21.) In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. Plaintiff filed objections to the Report on February 16, 2016. (ECF No. 23.) The Commissioner filed a reply to the objections on March 2, 2016. (ECF No. 26.) The matter is now ripe for disposition.

The Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. In determining whether to uphold the Commissioner's decision to deny benefits, the Court must determine whether the factual findings underpinning the Commissioner's decision were "supported by substantial evidence and were reached through application of the correct legal standard." Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011). In a recent decision, the Fourth Circuit noted that when an Administrative Law Judge (ALJ) denies an application,

> [T]he decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Fox v. Colvin, No. 14-2237, 2015 WL 9204287, at *5 (4th Cir. Dec. 17, 2015) (citations omitted).

It is evident from the Report that the Magistrate Judge reviewed the record comprehensively in making his recommendation. The Magistrate Judge also outlined the facts and the applicable law in detail. Plaintiff argues in her objections that the ALJ did not properly weigh the evidence for two treating physicians, Dr. Sellman and Dr. Gandenberger. (See ECF No. 23.) Although it is a close question, after careful consideration and in light of Plaintiff's objections to

2

the Report, this Court finds that additional analysis by the ALJ is necessary for the Court to conduct a meaningful judicial review of the decision to deny benefits.

The ALJ's decision to give two treating physicians "little weight" is accompanied by general conclusions and statements of the record that do not rise to the level of specificity required for this Court to decide whether the decision is supported by substantial evidence. Both doctors submitted opinions finding that Plaintiff may be limited to sedentary work. (R. at 343-44; R. at 373-75.) In her report, the ALJ stated that "nothing in Dr. Sellman's records support such a severe limitation" and "[a]lthough Dr. Sellman was a treating provider during a portion of the time at issue," she gave "little weight to his opinion because of the lack of record support." (R. at 17.) The ALJ discounts an opinion from Plaintiff's second treating physician, Dr. Gandenberger, in part because "nothing in [his] own treatment notes support the limitation to sedentary work." (Id.)

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, the objections thereto, and all other relevant filings and memoranda. Again, the significant analysis by the Magistrate Judge is noted. This Court simply concludes, in light of the objections, it is appropriate to require additional analysis by the Commissioner before a conclusion can be reached regarding whether substantial evidence supports the decision of the ALJ. For these reasons, the Court chooses not to adopt the Report, specifically as to the finding that the ALJ appropriately evaluated the opinions of Dr. Sellman and Dr. Gandenberger and that substantial evidence supported her decision to discount the same. The Commissioner's decision is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

s/ *Terry L. Wooten*　　　　　　
TERRY L. WOOTEN
Chief United States District Judge

March 14, 2016
Columbia, South Carolina