IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kimberly McCauley, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:14-cv-4236-TLW |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 12, 2016, Counsel for the Plaintiff, Paul T. McChesney, filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 30. The motion seeks reimbursement for counsel's representation in the captioned matter in the amount of $5,114.28 ($5,092.13 for fees, including $2,479.00 for attorney's time and $2,613.13 for paralegal's time, and $22.15 for expenses). On June 28, 2016, the Commissioner filed a Response in Opposition, ECF No. 31, to which Plaintiff filed a Reply on July 7, 2016, ECF No. 32, that requests additional fees for the preparation of the Reply to the Commissioner's Response in the amount of $693.75 (5.5 hours of paralegal time at $92.50 per hour plus 1.0 hour of attorney time at $185.00). This matter is now ripe for decision.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, the court asks whether there was arguably substantial evidence to support the

1

Commissioner's position. *Anderson v. Heckler*, 756 F.2d 1011 (4th Cir. 1984).

The Commissioner argues that a "reasonable person" could find the government's position was substantially justified despite a finding that the ALJ did not set forth sufficient discussion in discounting treating physicians' opinions. This Court does not find this position persuasive. As in *Hilton* and *Barringer*, the ALJ's reasoning was conclusory. *See Hilton v. Astrue,* No. 6:10–cv–2012, 2011 WL 5869704, at *3 (D.S.C. Nov. 21, 2011); *Barringer v. Colvin*, No. 5:12-cv-3531, 2014 WL 3867990 at *2 (D.S.C. Aug. 5, 2014). The matters that merited remand are significant and require review by the ALJ of her decision. As a result, it is not reasonable to conclude that the Commissioner's position was substantially justified. The decision by this Court related to a review of the treating physicians. The ALJ discounted the conclusions of two treating physicians without significant analysis, giving them "little weight." This Court found the Plaintiff's objections persuasive. The Government is correct that the EAJA is not a loser pays statute. However, as noted in the objections, to discount opinions of treating physicians, the ALJ is required to explain why in sufficient detail and outline the justification for doing so. This requirement is fundamental and necessary to ensure a fair evaluation of disability and a fair judicial review. After careful consideration of the parties' filings, the applicable legal authority, and the record in this case, the Court concludes that the Commissioner's position was not substantially justified and that the requested fees should be awarded.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the Court overrules the Commissioner's response opposing the Plaintiff's motion for attorney's fees. The Court does not find any special circumstances that make an award of attorney's fees unjust.  **IT IS ORDERED** that Plaintiff's motion for attorney's fees under the EAJA, 28 U.S.C. § 2412, is **GRANTED**. The Court notes that the Commissioner did not dispute the amount of funds requested, and the Commissioner is ordered to award Plaintiff $5,808.03

($5,114.28 and $693.75). Although the EAJA fee award should be paid to Plaintiff rather than to her attorney pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010), the check itself should be mailed directly to the business address of Plaintiff's counsel.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

August 30, 2016
Columbia, South Carolina